# EXHIBIT I



May 29, 2022

ACT Special Testing
PO Box 1028
Iowa City, IA 52243-4028

Re: Pierson Valles

To ACT Special Testing:

  I am a professional ACT tutor who works with Slingshot Prep in Dallas, Texas. Slingshot Prep has been offering standardized test tutoring for 8 years with tremendous success. I am writing this letter on behalf of Pierson Valles to support his appeal to receive the appropriate accommodation for the ACT. It is very surprising that ACT did not approve Pierson's accommodations in light of Pierson's psychoeducational evaluation diagnosing three specific learning disabilities: impairment in mathematics DSM V 315.1, impairment in written expression DSM V 315.2 and Attention-Deficit/Hyperactivity Disorder DSM V 314.00.

  I have had the pleasure of tutoring Pierson for the past 6-months. In doing so, I have observed the way he thinks and processes information. Additionally, I have kept track of his progress by noting the tests he has practiced on, how many questions he has missed, and how long it has taken him to complete each test. With evidence from these observations, his practice work, and his learning evaluation, I believe it is imperative that Pierson receive accommodations of 50% extra time on this test as it is fair.

  When I tutor students for the ACT, I first teach them to focus on accuracy and not on time. As they practice and gain familiarity with different types of questions, the time it takes for them to complete each section gradually decreases. When I have students with learning disabilities, however, I find that they are still able to complete the test accurately, but I also find that, at a certain point, their time plateaus. This plateau is what I see with Pierson. It is not that he is unable to do well, but rather his learning differences hinder his ability to process the presented information in a timely manner.

  For example, when Pierson and I first began learning the science section, it took him a little more than an hour to complete the section, and he missed seven questions. He would take his time approaching each passage, and we would often spend ample time talking through the questions he did not understand. Over six months a dozen science practice tests later, Pierson has shown strong improvement in accuracy, missing around four questions, yet he is unable to finish sooner than an fifty minutes, fifteen minutes more than the standard time limit of thirty-five minutes.

When we first began learning the reading section, Pierson was missing eight questions on average while finishing in just over an hour, nearly twice the amount of time allotted for a standard test taker. Despite a small sample size, after a half dozen practice tests, Pierson's accuracy has improved to only missing five questions, yet his timing has plateaued. He is averaging five questions missed with a time of around fifty minutes. Again, this is fifteen minutes more than the standard time limit of thirty-five minutes.

Observing the progress that Pierson has made with the english section, he has shown strong improvements in accuracy and little to no improvement in timing. When we first began studying, Pierson was missing more than twenty questions and finishing in a little over an hour. Five months and ten practice tests later, Pierson is missing close to ten questions per passage and is still finishing at an hour, fifteen minutes more than the allotted time of forty-five minutes. His laborious efforts are shown in his improved accuracy, yet his struggle to rapidly process new information is shown in his unmoving time.

Lastly, I do not have sufficient evidence to make a claim in regard to the math section as we have spent the majority of our time together reviewing the previous three sections. However, I have already begun to see an increase in performance with the little work that we have done, and, due to the work I have seen and his diagnosis of an impairment in mathematics, I would posit that his timing is above one hour, the standard time allotted, and, like the sections before it, will plateau above that time.

Pierson does not need extended time because he has not mastered the content tested by the ACT or because he has weak test-taking strategies; he cannot complete the test in the required time limits because of his learning disorders. There is no evidence of difficulty with the questions themselves when I give Pierson extra time to finish practice tests: with enough time he can convey the knowledge he has. In order to prevent him being unjustly penalized for a condition that is beyond his best efforts, I am requesting that you grant Pierson permission to take the ACT with accommodation of time-and-a-half. This will place him on an equal footing with his peers, mitigating the impact of his disabilities.

Thank you for your consideration and assistance in this matter.

Alex Dickey